**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CLEVELAND HUGHES | * | |
| Petitioner | * | |
| v. | * | Civil Action No. L-11-28 |
| STATE OF MARYLAND | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

The above-captioned Petition was filed on January 3, 2011, and was supplemented on January 10, 2011.  Petitioner seeks redress of his grievance, asserting he is entitled to a forum and a hearing on his allegations that the State's Attorney's Office for Montgomery County, Maryland violated the Interstate Agreement on Detainers Act in 1992.   ECF Nos. 1 and 2.  For the reasons that follow the Petition will be dismissed.

Petitioner has raised this claim in this Court on many occasions.   In recent years Petitioner has sought habeas relief pursuant to 28 U.S.C. §2241 (see Civil Action L-05-2595, Civil Action L-07-1094, and Civil Action L-08-1237) and to 28 U.S.C. §2254 (see Civil Action L-06-1158, Civil Action L-08-3350, Civil Action L-09-264.   Although each Petition is an attempt to breathe new life into the claim, the essence of the claim remains the same: the Interstate Agreement on Detainers Act was violated, and, therefore, Petitioner's underlying criminal conviction is invalid.  The claim was rejected on its merits in Hughes v. Smith, Civil Action No. N-92-2738 (D. Md. 1995), by decision dated August 18, 1995.  Since the issuance of that decision, Petitioner's repeated attempts to have the claim reconsidered, filed both as habeas petitions and civil rights actions, have been dismissed as attempts to file unauthorized,

successive Petitions for Writ of Habeas Corpus. Each time his Petition is dismissed, Petitioner is advised that he must first obtain authorization from the Fourth Circuit Court of Appeals before his successive action may be considered.

The instant filing is yet another attempt to have this claim, which was litigated and decided 15 years ago, revisited. Petitioner asserts that he is entitled to be heard on his claim, seemingly ignoring the fact that the claim was heard and found not to be meritorious. There is no guarantee, constitutional or otherwise, that a litigant's right to be heard will result in a decision in his favor. The instant Petition shall be dismissed because the United States Court of Appeals for the Fourth Circuit has not entered an order authorizing this Court to consider Petitioner's application for habeas corpus relief. See 28 U.S.C. §2244(b)(3)(A); see also In re Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).

A separate Order follows.

January 20, 2011                                     /s/
                                    _____
                                    Benson Everett Legg
                                    United States District Judge